**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEBORAH COREY, PhD., an individual

        Plaintiff,

vs.

                                          CASE NO.

EVERGLADES COLLEGE, INC.,
A Florida Not for Profit Corporation,
d/b/a KEISER UNIVERSITY.

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

        Plaintiff, DEBORAH COREY ("Plaintiff" or "Corey"), through undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant, EVERGLADES COLLEGE, INC., A Florida Not for Profit Corporation, d/b/a KEISER UNIVERSITY ("Defendant" or "Keiser"), and states as follows:

## PRELIMINARY STATEMENT

        1.      This is a claim by Plaintiff DEBORAH COREY against her former employer, EVERGLADES COLLEGE, INC., d/b/a KEISER UNIVERSITY for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Uniformed Services Employment and Reemployment Rights Act, ("USERRA") 38 U.S.C. §4301-33, Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.*

        2.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods.

*See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Corey with unpaid, job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

3. The Uniformed Services Employment and Reemployment Rights Act, ("USERRA") 38 U.S.C. §4301-33, is intended to minimize the disadvantages to an individual that occur when that person needs to be absent from his or her civilian employment to serve in this country's uniformed services. USERRA makes major improvements in protecting service member rights and benefits by clarifying the law and improving enforcement mechanisms.

4. USERRA covers virtually every individual in the country who serves in or has served in the uniformed services and applies to all employers in the public and private sectors, including private employers. The law seeks to ensure that those who serve their country can retain their civilian employment and benefits, and can seek employment free from discrimination because of their service. USERRA provides protection for disabled veterans, requiring employers to make reasonable efforts to accommodate the disability.

5. The Employee Retirement Income Security Act ("ERISA") was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a). Congress also found it to be "desirable in the

2

interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id.*

6.      ERISA was enacted "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries . . . establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

7.      Plaintiff, DEBORAH COREY, suffers from a disability that is also a chronic health condition entitling her to benefits under the FMLA, ADA, FCRA, USERRA and ERISA. Dr. Corey made Defendants aware of her condition, her treatment plan, and her need for leave. Dr. Corey required hospitalization related to one of her disabilities and informed the Dean of her department Karen Stephenson[1], that her medications were no longer working properly and she would require inpatient treatment starting April 3, 2018. Dean Stephenson presented Dr. Corey's request for FMLA leave to Rebecca McDonald, the President of the Lakeland campus. President McDonald and Dean Stephenson signed the FMLA paperwork approving Dr. Corey's requested leave.  Dr. Corey was instructed to coordinate the leave with the school's third party administrator.  Unfortunately, on April 1, 2018, prior to completing the necessary paperwork, Dr. Corey was hospitalized on an emergency basis.  On or about April 10, 2018, Dr. Corey, was discharged from the hospital and contacted her supervisors, whereupon she was informed that

---

[1] In addition to being the Dean of the Department, Ms. Stephenson is also an attorney, with expertise regarding the Americans with Disabilities Act.

her employment had been terminated[2] for an alleged "no call", "no show".  Sometime prior to April 10, 2018, with direct and actual knowledge of Dr. Corey's medical condition, her need for hospitalization to treat her medical condition and her request and approval for FMLA leave for said hospitalization, the Defendant terminated Dr. Corey's employment.  The only reason given for Dr. Corey's termination was her "no call", "no show" when she was hospitalized on an emergency basis.  The termination of Dr. Corey's employment was in retaliation for requesting and taking FMLA leave and/or interfering with her rights under the FMLA, the FCRA, USERRA and Section 510 of ERISA.

8.  Accordingly, Dr. Corey seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendants' actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 2617(a)(2) of the Family Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, ("USERRA") 38 U.S.C. §4301-33 and 29 U.S.C. § 1132(e) ERISA and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

---

[2] Plaintiff's termination constitutes discrimination based on her qualifying disability, or the Defendant's perception of her as being disabled, and retaliation for asking for leave as a reasonable accommodation.  Plaintiff filed a charge of discrimination and retaliation with the EEOC.  However, her charge is still pending with the EEOC.

10.     Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district and the majority of the acts complained of took place in this judicial district.

**PARTIES**

11.     At all times material to this action, Plaintiff was a resident of Brandon, Hillsborough County, Florida.

12.     At all times material to this action, Defendant was, and continues to be a Florida not for Profit Corporation, engaged in business in Florida and doing business in Hillsborough County, Florida.

13.     Further, at all times material to this action, Keiser was and continues to be, a University engaged in business in Florida, doing business in numerous counties throughout the State of Florida including but not limited to Polk County, Florida, and operating under the corporate umbrella of Everglades College, Inc.

14.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15.     The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

16.     Defendant is an employer as defined under the FMLA.

17.     From in or around June 2011 to her termination on or about April 10, 2018 ,Plaintiff was employed by the Defendant as a Professor of Criminal Justice and Forensics at the Lakeland campus of Keiser University located at 2400 Interstate Drive, Lakeland, FL 33805.

18.     Defendant is an employer under the FMLA because it is engaged in commerce

or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

19.     At all times relevant hereto, Plaintiff worked at a location where Defendant, employed 50 or more employees.

20.     At all times relevant hereto, Defendant was an employer as defined by 29 U.S.C. 2611(4).

21.     At all times material to this action Defendant directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

22.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

23.     At all times material hereto, Plaintiff has a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions.

24.     At all times material hereto Plaintiff made this disability known to Defendant.

25.     At all times relevant, Defendant was an "employer" as defined by Fla. Stat. 760, *et. seq.*

26.     Plaintiff is a member of a class protected by law because she was discriminated against and retaliated against by her employer, the Defendant, due to her military service.

27.     At all times relevant to this action, Plaintiff was a veteran of the Marine Corps of the United States.

28.     At all times relevant to this action, Defendant knew of Plaintiff's status as a veteran of the Marine Corp.

29.     At all times relevant to this action, Defendant knew that Plaintiff suffered from a service related medical condition and disability.

30.     At all times relevant to this action, Defendant knew that Plaintiff would require treatment for her service related medical condition.

## CONDITIONS PRECEDENT

31.     Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

32.     Dr. Corey has exhausted her administrative remedies available to her.

33.     On or about February 11, 2020, the EEOC issued plaintiff a Letter of Determination and a partial right to sue letter against Defendant with regard to this matter.  A copy of the Determination letter is attached as **Exhibit A**.

34.     Plaintiff files her complaint within the applicable statute of limitations.

35.     Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

36.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

37. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 12101, *et. seq*., because Plaintiff validly exercised her rights pursuant to the FMLA and Defendants (i) interfered with Plaintiff's right to take FMLA leave and to return from leave to the same or similar position; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; (iii) discriminated against Plaintiff for taking FMLA leave; and (iv) retaliated against Plaintiff because she would need leave, and further complained to the human resources about her discriminatory treatment.

38. Keiser owns and operates approximately 16 University campus locations throughout the State of Florida and employs in excess of 1,000 employees.

39. The University provides educational programs at the undergraduate, graduate, and doctorate levels in both traditional and online formats.

40. Dr. Corey was hired in June 2011 as a Professor of Criminal Justice and forensics to work at the Lakeland, Florida campus. .

41. Defendants terminated Plaintiff on April 9, 2018.

42. At the time of her termination, Dr. Corey was employed as a full time Professor earning approximately $78,000 per year.

43. At the time of her termination, Plaintiff was qualified for her position.

44. At all times relevant, Plaintiff was able to perform the essential functions of her job.

45. At no time during her employment, and prior to April 9, 2018 did Defendant counsel or otherwise discipline Plaintiff for failure to follow Defendant's employee policies or procedures.

46.     At no time during her employment and prior to April 9, 2018 did Defendant counsel or otherwise discipline Plaintiff for violating any company policy.

47.     Defendant provided Plaintiff with health insurance as part of the company's employee benefit plan.

48.     At least as early as 2012, Plaintiff applied for and was granted fixed FMLA protected leave related to her medical condition and disability.

49.     At all times relevant to this action, Dean Stevenson had direct knowledge of Dr. Corey's disability and serious medical condition.

50.     When she was hired in 2011 Dr. Corey disclosed her disabilities to the Defendant.

51.     On or about March 20, 2018, Plaintiff informed Dean Stevenson that her medical condition required hospitalization.   Plaintiff requested and was granted FMLA leave from April 3, 2018 to May 7, 2018.

52.     Unfortunately, on April 1, 2018, prior to completing the third party FMLA paperwork, Dr. Corey was admitted to the hospital on an emergency basis.

53.     On April 10, 2018, immediately after being discharged from the hospital, Dr. Corey contacted her supervisors and was informed that her employment had been terminated due to her failure to call her supervisor while she was hospitalized on an emergency basis and out on approved FMLA leave.

54.     On or about April 9, 2018 with direct and actual knowledge of Dr. Corey's medical condition, her need for hospitalization and her request and approval to take FMLA leave from April 3, 2018 to May 7, 2018, the Defendant terminated Dr. Corey..

55.     Defendant's stated reason for termination was Dr. Corey's alleged failure to

comply with the Defendant's call out procedures.

56.     Defendant's reason for terminating Plaintiff was pretextual.

57.     Defendant's reason for terminating Plaintiff was manufactured, *post hoc*, after Plaintiff engaged in activities protected by the FMLA, USERRA, ERISA, and the FCRA.

58.     Dr. Corey had a disability; she made the Defendant aware of this disability, and requested and was approved to take FMLA leave from April 3, 2018 to May 7, 2018.

59.     At the time of her termination, Plaintiff was out on FMLA approved leave.

60.     At the time of her termination, Plaintiff had requested and was approved for FMLA covered leave.

61.     Plaintiff's request to Dean Stevenson of her impending hospitalization and need for FMLA leave was sufficient to alert Defendant that her absence from work during that time period was for FMLA covered leave.

62.     President McDonald, Dean Stevenson and Sarah Staley, Director of Human Resources, signature on the paperwork approving Dr. Corey's FMLA leave from April 3, 2018 to May 7, 2018, was more than sufficient to alert Defendant that Plaintiff's absence from work during that time period was for FMLA covered leave.

63.     Plaintiff's request for her need for FMLA covered leave was timely.

64.     Plaintiff's request for her need for FMLA covered leave complied with Defendant's company policy, if any, regarding requests for time off.

65.     Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

        a.     An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

b. An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

c. An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

d. An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

e. An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

66. Plaintiff was, at all times relevant, a qualified employee as defined by the FMLA and FCRA.

67. At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FMLA and/or FCRA applied to her need for time off work.

68. Defendant's termination of Plaintiff on or about April 9, 2018 interfered with her right to take available FMLA-covered leave.

69. Defendant's termination of Plaintiff on or about April 9, 2018 interfered with her right to reinstatement to the same or similar position after taking available FMLA-covered leave.

70.     Defendant's termination of Plaintiff on or about April 9, 2018 was in retaliation for Plaintiff requesting and taking FMLA-covered leave.

71.     Defendant's termination of Plaintiff on or about April 9, 2018 was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave and/or complaining about discriminatory, harassing and hostile treatment.

72.     Defendant's fired Plaintiff in whole or in part because of her disability(ies) and/or perceived disability(ies).

73.     Defendant's termination of Plaintiff on or about April 9, 2018 interfered with the rights afforded to Plaintiff by the FMLA, USERRA, ERISA, and the FCRA.

74.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

75.     Plaintiff retired from the Marine Corp on September 16, 1974.

76.     At the time of her hire, Plaintiff informed Defendant of her service related bipolar disorder and her need for medication to manage her condition.

77.     On April 10, 2018, after her discharge from her hospitalization Plaintiff attempted to return to work and was informed that her employment had been terminated while she was out on approved FMLA leave.  Plaintiff was never returned to her position following her hospitalization. Plaintiff was informed the decision to terminate her employment was made during the time she was out on approved FMLA leave.

78.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.

These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

79.     Defendant's violations of USERRA was willful because Defendant knew or perceived the risk that its discrimination and continued harassment of Plaintiff and retaliation against Plaintiff because of her military service and/or unavailability or her protected activity due to service violated USERRA or Defendant showed reckless disregard for the matter of whether their actions against Plaintiff because of her military service and/or because of her unavailability due to service or due to her protected activity was prohibited by USERRA.

80.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

81.     Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave were a substantial or motivating factor in Defendant's decision to terminate her.

82.     Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under this ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate her.

83.     Plaintiff's disability/perceived disability were a substantial or motivating factor in Defendant's decision to terminate her employment.

84.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

85.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

86.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

87.     Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

88.     Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

89.     Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

90.     Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

91.     Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

92.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA

93.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under USERRA.

94.     Defendant's actions constitute interference in violation of Plaintiff's rights under USERRA.

95.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

96.     Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

97.     Defendant's actions constitute discrimination in violation of the FCRA.

98.     Defendant's actions constitute retaliation for requesting a reasonable accommodation under the FCRA.

99.     Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendant acted wantonly or with reckless disregard for the law.

100.     Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

101.     Defendant's actions, if left unchecked, will deter other employees from exercising their rights under the FMLA, USERRA, ERISA and/or the FCRA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

**COUNT I**
**INTERFERENCE WITH FMLA RIGHTS**

102.     Plaintiff re-alleges paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

103.     Plaintiff was, at tall time relevant, eligible for FMLA-covered leave.

104.     Defendant was Plaintiff's employer as defined by the FMLA.

105.     At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave under the FMLA.

106.     At all times relevant hereto, Defendant's interference with Plaintiff's right to leave and to reinstatement violated the FMLA.

107.     Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

108.     Plaintiff's condition is "chronic" within the meaning of the FMLA.

109.     Plaintiff was entitled to FMLA protected leave.

110.    Defendant is subject to the requirements of the FMLA.

111.    Plaintiff provided adequate notice of her serious health condition to Defendant.

112.    Defendant was aware of Plaintiff's serious health condition and her need for FMLA protected leave.

113.    Plaintiff requested and was granted FMLA leave from April 3, 2018 to May 7, 2018.

114.    Plaintiff requested leave related to her serious medical condition.

115.    Plaintiff had not exhausted her entitlement to FMLA leave at the time.

116.    Defendant terminated Plaintiff while she was out on approved FMLA leave.

117.    Plaintiff disclosed to Defendant her need for hospitalization due to her medical condition and need to take FMLA leave during her hospitalization.

118.    Defendant interfered with the FMLA leave by terminating Plaintiff's employment while she was out on approved FMLA leave.

119.    By terminating Plaintiff, Defendant interfered with Plaintiff's right for leave, reinstatement and to future FMLA benefits.

120.    Plaintiff was denied benefits to which she was entitled under the FMLA.

121.    As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

122.    Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

123.    Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

124.     Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, DEBORAH COREY, respectfully requests entry of:

    a.    judgment in her favor and against Defendant for its interference with her rights under the FMLA;

    b.    judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    d.    judgment in her favor and against Defendant for liquidated damages ;

    e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## FMLA RETALIATION

125.     Plaintiff re-alleges paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

126.     At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

127.     The Defendant terminated Plaintiff's employment while Plaintiff was out on FMLA approved leave.

128.     With actual knowledge of Plaintiff's need for leave, disability and chronic serious medical condition, the Defendant terminated Plaintiff's employment.

129.     At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

130. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

131. Because Defendant cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

132. Defendant's violation of the FMLA was willful, as its managers / human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, DEBORAH COREY, respectfully requests entry of:

    a.    judgment in her favor and against the Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b.    judgment in her favor and against the Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against the Defendant for her reasonable attorneys' fees and litigation expenses;

    d.    judgment in her favor and against Defendant for liquidated damages;

    e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## UNLAWFUL DISCRIMINATION/RETALIATION IN
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)

133. Plaintiff re-alleges paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

134. Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

135.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

136.     Plaintiff requested a reasonable accommodation.

137.     Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

138.     Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

139.     Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

140.     As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

141.     Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

142.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

143.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

144.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

145.     Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, DEBORAH COREY, respectfully requests entry of:

    a.     judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.      judgment in her favor and against Defendant for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in her favor and against Defendant for all compensatory damages suffered as a result of Defendant's conduct;

d.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## VETERAN DISCRIMINATION IN VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, ("USERRA")

146.    Plaintiff re-alleges paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

147.    Plaintiff was otherwise eligible, qualified, ready, and willing to reemploy with the Defendant upon her discharge from hospitalization on April 10, 2018.

148.    Defendant denied the Plaintiff the benefit of employment and failed to accommodate her service related disability.

149.    Plaintiff's membership, service and/or obligation for service in the Marine Corp was a motivating factor in the Defendant's termination of Plaintiff from its employ.

150.    Defendant illegally and improperly targeted Plaintiff, severely altering the conditions of Plaintiff's employment to a degree as to cause Plaintiff severe mental anguish and stress and ultimately causing Plaintiff's discharge.

151.    Plaintiff has lost wages and other economic benefits, as a direct and proximate result of the Defendant's termination of the Plaintiff's employment.

152.    Defendant's violations of USERRA were willful because Defendant knew or perceived the risk that its failure to employ Plaintiff because of her military service and/or unavailability due to treatment for her service related disability violated USERRA or Defendant showed reckless disregard for the matter of whether Defendant's termination of Plaintiff's employment because of her military service and/or because of her unavailability due to her service related disability was prohibited by USERRA.

WHEREFORE, Plaintiff respectfully prays and demands on all counts as follows:

    a.    judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of USERRA;

    b.    judgment in her favor and against Defendant for all economic damages, including but not limited to lost earnings, reinstatement, front pay in lieu of reinstatement, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against Defendant for all compensatory damages suffered as a result of Defendant's conduct;

    d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses pursuant to 38 U.S.C. §4323(h)(2) and any other laws applicable to this action;

    e.    judgment in her favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under USERRA; and

    g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## VIOLATION OF SECTION 510 ERISA

153.    Plaintiff re-alleges paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

154.    Defendant provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

155.    Beginning in 2011 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

156.    President Stevenson was aware that Plaintiff needed hospitalization from April 3, 2018 to May 7, 2018, for her medical condition.

157.    Defendant knew or should have known that Plaintiff's utilization of her employee benefit plan would continue, particularly since she requested FMLA leave for her hospitalization to treat her medical condition.

158.    Defendant retaliated/discriminated against Plaintiff by terminating her employment.

159.    Defendant interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

160.    Defendant's termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

161.    Defendant fired Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

162.    Defendant interfered with Plaintiff's right to obtain medical care.

163.    Defendant discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

164.    Defendant fired Plaintiff in violation so 29 U.S.C. § 1140.

165.    WHEREFORE, Plaintiff DEBORAH COREY hereby demands entry of judgment in her favor and against Defendant, for any and all equitable relief available including

but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 24th day of March, 2020.

Respectfully submitted,
**MORGAN & MORGAN, P.A.**
s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com