UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH COREY,

     Plaintiff,

v.                                         Case No: 8:20-cv-686-T-36TGW

 EVERGLADES COLLEGE, INC.,

     Defendant.

_____/

# O R D E R

     This matter comes before the Court upon Defendant's Motion to Compel Arbitration [Doc. 13] and Plaintiff's Notice of Limited Opposition [Doc. 14].  Defendant has requested an order "compelling Plaintiff to arbitrate her claims at issue in this action and stay this action during the arbitration." [Doc. 13 ¶ 11]. Defendant also seeks fees and costs for filing the motion to compel arbitration. *Id.* at pp. 4, 10. Plaintiff does not oppose the request to arbitrate the matter and stay the action pending arbitration. [Doc. 14 at 1-2]. However, Plaintiff opposes Defendant's request for fees and costs associated with the motion to compel arbitration. *Id.* at 1. The Court, having considered the motion and being fully advised in the premises, will grant the Motion to Compel Arbitration in part and deny it in part.  The motion is granted to the extent the parties agree that the dispute should be arbitrated and the action stayed pending arbitration.

     As to attorneys' fees, Defendant contends that it should be awarded its attorneys' fees for bringing this motion "that would have been unnecessary had Plaintiff complied with the Agreement that she signed." [Doc. 13 at 10]. Plaintiff responds that she did not multiply the litigation and had a good faith basis to initially withhold her consent. Therefore, she argues that fees and costs are not warranted. The Court agrees with Plaintiff. Additionally, Defendant does

not identify any legal basis for an award of fees. The Court will deny the request for fees and costs. *See, e.g.*, *White Wave Int'l Labs Inc. v. Lohan*, No. 8:09-CV-1260-T-33TGW, 2012 WL 394821, at *1 (M.D. Fla. Jan. 19, 2012) ("In this regard, the plaintiff has filed a cursory motion which fails to establish entitlement to the requested fees. . . . [T]he plaintiff does not identify the legal basis for its request; thus, it does not specify the Federal Rule of Civil Procedure, statute, or other authority, under which it claims the court may impose the requested fees. . . . This is patently inadequate."); *Rossi v. Pocono Point, LLC*, No. 6:08-CV-750-ORL-28KRS, 2008 WL 11336253, at *1 (M.D. Fla. Oct. 29, 2008) (stating that "as to the request for award of attorneys' fees and costs, [the] memorandum of law must address the legal basis for an award of attorneys' fees and costs").

Accordingly, it is hereby **ORDERED**:

1.      The Motion to Compel Arbitration and Memorandum of Law in Support [Doc. 13] is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Plaintiff is compelled to arbitrate her claims against Defendant.

2.      This case is **STAYED** pending the completion of arbitration.

3.      The parties shall file a notice informing the Court that the arbitration has been concluded, or that their dispute has otherwise been resolved, within **FOURTEEN (14)** days of either of such event and immediately dismiss this case, if appropriate.

4.      The Clerk is directed to terminate all pending motions and deadlines and administratively close this file.

**DONE AND ORDERED** in Tampa, Florida on August 10, 2020.

Charlene Edwards Honeywell
United States District Judge

**<u>COPIES FURNISHED TO</u>**:
Counsel of Record